IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. DUNMIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-1122 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 25th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Although Plaintiff purports to raise eight separate issues, the Court notes that his arguments generally fall into one of three categories.  First, he argues that the Administrative

Law Judge ("ALJ") failed to adequately address medical evidence from his primary care provider, Palaniappan Muthappan, M.D., gave insufficient consideration to his own subjective testimony, and failed to include in his residual functional capacity ("RFC"), as well as the hypothetical question to the vocational expert ("VE"), all of the limitations caused by his intellectual impairment. Regardless, however these arguments are grouped, the Court finds no merit in any of them and finds that the ALJ's findings are supported by substantial evidence.

Plaintiff raises a few points in regard to the ALJ's consideration of Dr. Muthappan's evidence and opinion. First, he argues that the ALJ's discussion failed to comply with the June 17, 2020 mandate of the Appeals Council requiring the ALJ to consider and exhibit previously undiscussed medical evidence, specifically that of Dr. Muthappan. (R. 137-42). This argument is patently incorrect. The ALJ expressly acknowledged the mandate and considered the medical evidence provided by Dr. Muthappan, including both the "Physician's Report" and the "Physical Capacities Evaluation." (R. 17-18). Plaintiff may not agree with the results of ALJ's analysis, but there is no question that he complied with the mandate and considered the medical evidence at issue.

Next, Plaintiff contends that the ALJ failed to properly apply the factors in 20 C.F.R. § 416.920c in considering Dr. Muthappan's assessment. Plaintiff is correct that for cases such as this one, filed on or after March 27, 2017, the amended regulations set forth at 20 C.F.R. § 416.920c apply to an ALJ's consideration of medical opinion evidence. Although there are several differences between the old and new versions of the regulations, probably the most significant is that the newer version has eliminated the "treating physician rule." *Compare* 20 C.F.R. § 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 416.920c(b) and (c). While Plaintiff suggests that the ALJ's analysis failed to comport with these criteria, the Court disagrees.

The ALJ noted, for instance, that the functional limitations to which Dr. Muthappan opined were not even supported by his own treatment notes, which demonstrated merely routine treatment and no objective findings that would support greater limitations in the RFC. (R. 17). Considering the consistency between a treating source's opinion and his or her own treatment notes is the type of analysis of objective medical evidence in which an ALJ is required to engage. *See Bryson v. Comm'r of Soc. Sec.*, 639 Fed. Appx. 784, 787 (3d Cir. 2016); *Kibe v. Comm'r of Soc. Sec.*, 787 Fed. Appx. 801, 802-03 (3d Cir. 2019); *see also* 20 C.F.R. § 416.929(c)(2); SSR 16-3p, 2016 WL 1119029, at *5 (S.S.A. 2016). He also noted the general carelessness of Dr. Muthappan's responses, such as answering "yes" to the request to "[p]lease state which Social Security Listings of Impairments patient meets, if any." (R. 17-18, 691). He also found Dr. Muthappan's opinions to be inconsistent with the record evidence as a whole, which the ALJ discussed at length throughout his opinion. Accordingly, the Court finds no issue with the ALJ's treatment of Dr. Muthappan's records.

Plaintiff's second argument is that the ALJ erred in failing to incorporate into the RFC all of the limitations to which Plaintiff himself testified, including that he would be absent and/or off task as a result of his migraine headaches and seizures. The Court first notes that, while a claimant's testimony regarding his subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 416.929(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). In fact, as a general matter, when an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). Regardless, here, by any standard, the ALJ adequately explained why he found Plaintiff's testimony about the limitations caused by his headaches and seizures to not be fully supported by the record.

The ALJ discussed this issue directly, finding that Plaintiff's claim about constant debilitating headaches was inconsistent with statements he made to treatment providers, findings that his headaches were stable with medication, and his conservative course of treatment, which included seeing a specialist only once a year. (R, 14, 17). As for Plaintiff's seizures, the ALJ considered that he had to be reminded to even discuss them during the administrative hearing and that his description of the episodes was vague. (R. 17). Moreover, the ALJ explained that he accounted for Plaintiff's issues with migraines and seizures by limiting him from hazards in formulating the RFC and hypothetical question. Given the deference given to an ALJ's assessment of a claimant's subjective claims, the Court finds no basis for remand here.

Finally, Plaintiff argues that the ALJ did not adequately account for his intellectual disorder in the RFC. He asserts that the ALJ did not account for his finding that Plaintiff had moderate limitations in maintaining concentration, persistence, and pace and for his need for close supervision, and that he did not include in Plaintiff's IQ scores in the RFC or hypothetical question to the VE. The Court disagrees on all counts and finds that the ALJ's consideration of Plaintiff's intellectual disorder was supported by substantial evidence.

As for Plaintiff's argument that the RFC and hypothetical did not account for the moderate limitations in concentration, persistence, and pace, the Court notes that the ALJ did not ignore this finding, but rather found that Plaintiff could maintain concentration, persistence, and pace for extended periods *only* on simple job tasks and *not* on complex job tasks. (R. 15). He also limited Plaintiff to work requiring the performance of only routine, repetitive tasks requiring only occasional judgment, decision-making, workplace changes, and interaction with the public, coworkers, and supervisors. (*Id.*). The ALJ therefore did account for moderate limitations in concentration and pace by acknowledging Plaintiff's limitations in complex work settings and limiting the mental demands of the jobs he could perform.

Moreover, while Plaintiff cites Social Security Ruling 85-16 for the proposition that someone with an IQ score equivalent to Plaintiff's would *ordinarily* require somewhat closer supervision, SSR 85-16, 1985 WL 56855, at *3 (S.S.A. 1985), the ALJ specifically found that the record did not support the need for such heightened supervision here. (R. 15). He noted that Plaintiff acknowledged that he could read, write, and perform simple math; that he had

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

---

previously done semi-skilled work in a competitive environment; that he had completed high school; that he was found to be cooperative; and that his activities of daily living demonstrated significant independence. This more than adequately explains why the ALJ did not include any limitations regarding additional supervision in the RFC. Further, while the ALJ did not include Plaintiff's IQ scores themselves in the RFC, he did include the functional limitations resulting from Plaintiff's borderline mental functioning.

The decision in this case was thorough and well-supported. The ALJ relied on objective medical evidence, Plaintiff's treatment history, his activities of daily living, and the supporting opinions of the state reviewing agents and consulting doctors in rendering his decision, The Court notes, as did the ALJ, that the RFC he crafted was actually significantly more restrictive than the opinions of the state reviewing agents, demonstrating that he considered the record as a whole in making his findings.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.